IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| AMANDA BRYANT, | § | |
| Plaintiff, | § | |
| v. | § | Civil Action No. H-13-2205 |
| BENCHMARK LOGISTICS, INC., | § | |
| Defendant. | § | |

## ORDER

Pending before the Court is Benchmark's Motion to Dismiss & Brief in Support (Document No. 6). Having considered the motion, submissions, and the applicable law, the Court determines the motion should be granted.

## I. BACKGROUND

On July 24, 2012, Plaintiff Amanda Bryant ("Bryant") was allegedly injured when Randy Lynn Granger ("Granger") collided into the rear of her vehicle. Granger was driving a 2002 Freightliner leased by Defendant Benchmark Logistics, Inc. ("Benchmark"). On July 7, 2013, Bryant filed a complaint in this Court against Benchmark asserting Benchmark is vicariously liable for the alleged negligence of Granger pursuant to 49 U.S.C. § 14102 of the Federal Motor Carrier Safety Act ("FMCSA") and 49 C.F.R. § 376.12(c)(1) of the Federal Motor Carrier Safety Regulations ("FMCSR"). On October 10, 2013, Benchmark filed this motion to

dismiss under Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction asserting despite implication of a federal statute, Bryant's underlying claim is a state-law negligence action.

## II. STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(b)(1) requires that a court dismiss a claim if the court does not have subject matter jurisdiction over the dispute. FED. R. CIV. P. 12(b)(1). A motion for lack of subject matter jurisdiction under Rule 12(b)(1) must be considered before any motion on the merits because subject matter jurisdiction is required to determine the validity of any claim. *Moran v. Kingdom of Saudi Arabia*, 27 F.3d 169, 172 (5th Cir. 1994). "Courts may dismiss for lack of subject matter jurisdiction on any one of three different bases: (1) the complaint alone; (2) the complaint supplemented by undisputed facts in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." *Clark v. Tarrant Cnty., Tex.*, 798 F.2d 736, 741 (5th Cir. 1986). Unlike a court considering a Rule 12(b)(6) or Rule 56 motion, district courts have a "unique power . . . to make factual findings which are decisive of [subject matter] jurisdiction" when considering a motion under Rule 12(b)(1) that raises questions of fact relevant to subject matter jurisdiction. *Williamson v. Tucker*, 645 F.2d 404, 412–13 (5th Cir. 1981).

## III. LAW & ANALYSIS

A federal court has subject-matter jurisdiction over civil cases arising under federal law, and civil cases in which the amount in controversy exceeds $75,000 and complete diversity of citizenship exists between the parties. 28 U.S.C. §§ 1331, 1332. Here, the parties agree diversity jurisdiction does not exist. Benchmark contends Bryant's claim does not arise under federal law because her underlying claim is a state-law negligence action. Bryant contends her claim does arise under federal law because her state-law negligence action is dependent on resolving a substantial federal question regarding interpretation of the FMCSA and the FMCSR provisions.

This Court has federal question jurisdiction over those claims in which the plaintiff's well-pleaded complaint "establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Singh v. Duane Morris, L.L.P.*, 538 F.3d 334, 337–38 (5th Cir. 2008) (quoting *Franchise Tax Bd. of State of Cal. v. Constr. Laborers Vacation Trust for S. California*, 463 U.S. 1, 27–28 (1983)) (internal quotation marks omitted). The parties do not dispute neither the FMCSA nor the FMCSR create a cause of action. Rather, Bryant asserts her claim satisfies the latter category. While it is possible for a state-law claim to establish federal question jurisdiction, "the mere presence of a federal issue in a state cause of action does not

automatically confer federal question jurisdiction." *Id.* at 338 (quoting *Merrell Dow Phrams. Inc. v. Thompson,* 478 U.S. 804, 813 (1986)) (internal quotation marks omitted).

The following four elements are necessary for a federal court to exercise federal question jurisdiction over state-law claims: "(1) resolving a federal issue is necessary to resolution of the state-law claim; (2) the federal issue is actually disputed; (3) the federal issue is substantial; and (4) federal jurisdiction will not disturb the balance of federal and state judicial responsibilities." *Singh,* 538 F.3d at 338. In this case, the first and second elements are satisfied, but the remaining two elements are not. Satisfaction of the first two elements is not sufficient to establish federal question jurisdiction. *See id.* (holding federal question jurisdiction does not exist when only the first two elements are satisfied). Each element is addressed in turn.

*A. Resolving the Federal Issue is Necessary to Resolution of the State-Law Claim and is Actually Disputed*

Bryant contends the FMCSA and the FMCSR hold motor carriers strictly liable for the acts of independent contractor drivers under the federal "statutory employee" doctrine. Benchmark counters that the regulations do not impose strict liability but instead allow for any defense permitted under state agency law. Whichever interpretation of the regulations prevails is likely to dictate whether

4

Bryant will succeed in recovering from Benchmark for Granger's alleged negligence. Thus, interpretation of the FMCSA and FMCSR provisions in question is necessary to resolve the merits of this case. Accordingly, the first element is satisfied. Additionally, the second element requiring the federal issue to actually be in dispute is also met because the counter interpretations of the FMCSA and FMCSR provisions are the basis for both parties' contentions.

B.   *The Federal Issue is Not Substantial*

A federal issue is substantial if it indicates a "serious federal interest in claiming the advantages thought to be inherent in a federal forum." *Id.* at 338 (quoting *Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 313 (2005) (internal quotation marks omitted). Where "Congress ha[s] established no private remedy for violations of a statute, it [does] not see a substantial interest in seeing the statute applied in state tort cases." *Id.* at 339.

Bryant asserts there is a federal interest in her claim because Congress added the FMCSA and FMCSR provisions in question "to impose on interstate motor carriers both a legal right and duty to control the vehicles that they leased."[1] However, this Court has held that "[a] complaint relying on a federal statute or regulation as an element of a state cause of action" does not support federal question jurisdiction

---

[1] *Plaintiff's Response and Opposition to Defendant's Motion to Dismiss*, Document No. 12 at 10.

because "the existence of a duty is but one element in a negligence cause of action." *Geiger v. Cavanaugh*, No. H-87-1200, 1987 WL 11715 at *1 (S.D. Tex. May 21, 1987) (Hittner, J.).

To hold Benchmark vicariously liable for Granger's negligence, Bryant would first have to prove Granger was negligent. Bryant, in proving the alleged negligence of Granger, would rely exclusively on state negligence law. Regardless of which interpretation is applied to the FMCSA and FMCSR provisions to determine vicarious liability, Bryant's claim remains predominately a state-law negligence action. Thus, her claim does not present a substantial federal issue. The lack of federal interest in this claim is further indicated by Congress's failure to create a private remedy for violations of the FMCSA and FMCSR. Accordingly, the third element is not met.

C.  *Federal Jurisdiction Will Disturb the Balance of Federal and State Judicial Responsibilities*

Federal jurisdiction should not be granted when doing so "would sweep innumerable state-law [tort] claims into federal court." *Singh*, 538 F.3d at 340. To grant federal jurisdiction over Bryant's state-law negligence claim would usher any automobile accident that involves a motor carrier into federal court. These cases are traditionally left to the states, and to bring this issue into federal court would severely

upset the balance of federal and state judicial responsibilities. Despite the embedded federal issue, federal jurisdiction should not be so expansive as to cover claims that are traditionally the domain of the states. *Id.* at 339–40. Accordingly, the fourth element is not met.

*D.     Summary*

Bryant's state-law negligence action satisfies the first two elements necessary for this Court to exercise federal question jurisdiction over her state-law claim. However, the remaining two elements are not satisfied. The federal issue in Bryant's claim is not substantial because the claim is predominately a state-law negligence action. Further, exercising federal question jurisdiction would upset the balance of federal and state judicial responsibilities because state-law negligence claims are traditionally in the domain of the states, and to encroach on that domain would flood the federal courts with automobile accident cases based on state negligence law. Accordingly, this Court cannot exercise federal question jurisdiction over Bryant's claim, and her case is dismissed for lack of subject matter jurisdiction.

## IV. CONCLUSION

Based on the foregoing, the Court hereby

**ORDERS** that Benchmark's Motion to Dismiss & Brief in Support (Document No. 6) is **GRANTED**.

The court will issue a separate Final Judgment.

SIGNED at Houston, Texas, on this ___4___ day of August, 2014.

*David Hittner*
DAVID HITTNER
United States District Judge